IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHNNY D. CARRIGG**                                                                                **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 1:22-cv-00264-BWR**

**TYRONE NELSON**                                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff Johnny D. Carrigg is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") presently being housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Envelope [40-1] at 1.[1] He filed this civil action on September 27, 2022, naming Tyrone Nelson as Defendant in his individual and official capacities. Compl. [1] at 1-2; Order [33]. Carrigg's claims arise under 42 U.S.C. § 1983, Compl. [1] at 3, and he is proceeding *in forma pauperis*, Order [5].

The Court held an Omnibus Hearing on May 22, 2023, to give Carrigg a chance to clarify his claims. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement") (quotation omitted), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989). On October 19, 2023, Nelson filed a Motion [36] for Summary Judgment. On January 29, 2024,

---

[1] *See also* Mississippi Department of Corrections, Inmate Details, Johnny Carrigg, *available at* https://www.ms.gov/mdoc/inmate/Search/GetDetails/242849 (last accessed June 26, 2024). The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

Carrigg filed a Motion [39] to Amend Jury Demand, which the Court will construe as his summary-judgment response.[2] For the following reasons, the Court finds that Nelson's Motion [36] for Summary Judgment should be granted and that this civil action should be dismissed with prejudice.

## I.   BACKGROUND

The events giving rise to this lawsuit occurred while Carrigg was housed as a pretrial detainee at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi. Compl. [1] at 2, 4. As a result of the allegations below, Carrigg claims a violation of his Eighth and Fourteenth Amendment rights. *Id*. at 3.

From February 2022 until he signed his Complaint in September, Carrigg says that the "shower in [his] cell [was] . . . broke[n]." *Id*. at 4. He complains that, during this time, he either went without showering or "ha[d] to go to another cell to take a shower." *Id*.; Resp. [7] at 1. Though he usually showered "[e]very day," he sometimes "went two or three days because [he] couldn't get to a shower." Mot. [36-1] at 11.

When he went without showering, Carrigg allegedly suffered "itching all over." *Id*. When he used another inmate's shower, Carrigg allegedly suffered "repeated foot fungus and skin rashes." Resp. [7] at 1. Carrigg testified that JCADC medical personnel offered him a "good cream" to treat the foot fungus for "a one-month period," which alleviated the symptoms. Mot. [36-1] at 27. He never sought more

---

[2] The pleadings of a *pro se* litigant are liberally construed. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). Carrigg's Motion [39] to Amend Jury Demand was submitted more than three months after the Motion [36] for Summary Judgment was filed, but it cites Federal Rule of Civil Procedure 56 and mentions "oppos[ing] the motion." Mot. [39] at 3.

medical care for these conditions.  *Id*. at 12-13.

Apart from the shower, Carrigg complains that his toilet stopped working in August 2022.  Compl. [1] at 5; Mot. [36-1] at 14.  Carrigg testified that, during this time, he "had no restroom to use" at night—from around 10 p.m. to 6 a.m., Mot. [36-1] at 8, and he had to go to another cell to use the restroom during the day, Resp. [7] at 2; Mot. [36-1] at 15.  Thus, Carrigg says that he held his bowels "constantly," which caused constipation.  Resp. [7] at 2.  Carrigg requested stool softeners six or seven times, and he received that medication each time he requested it.  Mot. [36-1] at 16.  He also received "something else, a liquid," to treat his constipation.  *Id*.  Like the foot cream, the stool softeners "worked."  *Id*. at 29.

Nelson allegedly knew about the broken restroom amenities but "refuse[d] to have [them] fixed" for several months.  Compl. [1] at 4.  Carrigg claims "mental stress and anguish" because of these issues, and he originally sought $300,000.00 in compensatory damages and injunctive relief.  *Id*. at 5.  He asked the Court to order his custodians to "fix [his] shower" and "fix [his] toilet."  *Id*.  But Carrigg admits that both his shower and toilet were fixed on October 11, 2022, Resp. [7] at 2, leaving only his request for compensatory damages pending.

Carrigg is no longer housed at JCADC, having been moved to SMCI in March 2023.  Mot. [36-1] at 9.  He admits that the restroom facilities at SMCI are functional.  *Id*.  And Carrigg testified that he does not "have any health issues today as a result of [the] allegations in [his] complaint."  *Id.* at 43.

3

## II.     STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "In deciding whether a fact issue has been created, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (quotation omitted).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative'

4

evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)). "Summary judgment is appropriate, therefore, if the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show there is a genuine issue for trial." *Topalian*, 954 F.2d at 1132.

### III. DISCUSSION

Based on his summary-judgment evidence, including Carrigg's testimony at the Omnibus Hearing,[3] Nelson has carried his initial burden of showing that he is entitled to judgment as a matter of law. Most facts are undisputed, and those that are disputed are not material. And Carrigg has adduced no competent summary-judgment evidence to rebut this conclusion. The Court will award summary judgment to Nelson in his individual and official capacities.

#### A. Individual-Capacity Claims

"The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989). "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Id.* at 849

---

[3] "[T]he Court considers . . . sworn testimony at the *Spears* hearing to be competent summary judgment evidence." *Evans v. Mississippi*, No. 2:11-cv-00002, 2012 WL 4480731, at *4 n.3 (S.D. Miss. Sept. 26, 2012).

5

n.5 (quotation omitted). "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quotation omitted). Thus, only conditions that are "base, inhuman and barbaric" and deny a prisoner "the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (quotations omitted).

Moreover, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). To recover compensatory damages,[4] Carrigg must show that he suffered some harm that was more than *de minimis*. *See Alexander v. Tippah Cnty.*, 351 F.3d 626, 631 (5th Cir. 2003); *see also Reid v. Sims*, No. 2:21-cv-00028-KS-MTP, 2022 WL 20358625, at *4 (S.D. Miss. Nov. 10, 2022) ("A pre-trial detainee seeking monetary damages must establish a physical injury resulting from the acts of prison officials under the PLRA."), *report and recommendation adopted by* 2022 WL 20358626, at *1 (S.D. Miss. Dec. 6, 2022); *Pinkston v. Lee*, No. 5:22-cv-00018-KS-MTP, 2023 WL 2518914, at *3 (S.D. Miss. Jan. 20, 2023) ("[I]f a prisoner fails to show a physical injury, he may not recover compensatory damages."), *report and recommendation adopted by* 2023 WL

---

[4] "[T]he physical injury requirement of § 1997e(e) does not apply to requests for declaratory or injunctive relief." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). Carrigg first requested injunctive relief in addition to compensatory damages. Compl. [1] at 5 (asking his custodians to "fix [his] shower" and "fix [his] toilet"). But Carrigg concedes that his requests for injunctive relief were satisfied on October 11, 2022, Resp. [7] at 1, and the restroom amenities at his current housing assignment are functional, Mot. [36-1] at 9. Only his request for compensatory damages remains. Mot. [36-1] at 18-19 (agreeing that his requests for injunctive relief "are moot").

2507600, at *1 (S.D. Miss. Mar. 14, 2023). "Injuries which normal people treat with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of [Section] 1997e(e)." *Pinkston*, 2023 WL 2518914, at *3 (quotation omitted).

Carrigg's own testimony fails to demonstrate a greater-than-*de-minimis* injury from the temporary deprivation of restroom amenities in his cell at JCADC. Carrigg concedes that he managed to shower elsewhere in the facility at least every "two or three days," Mot. [36-1] at 11, and the longest he went without access to a toilet was the eight-hour overnight period, *id*. at 8. From these inconveniences, Carrigg suffered "itching," *id*. at 11, and "constipation," Resp. [7] at 2. But these ailments were effectively treated by prison medical personnel with over-the-counter remedies—like creams and stool softeners. Mot. [36-1] at 16, 27. Carrigg does not "have any health issues today as a result of [the] allegations in [his] complaint." *Id.* at 43.

This Court has found that "discomfort due to the lack of a daily shower" is only a *de minimis* injury. *Curry v. Byrd*, No. 5:13-cv-00196-DCB-MTP, 2016 WL 1068858, at *3 (S.D. Miss. Jan. 28, 2016), *report and recommendation adopted by* 2016 WL 1069093, at *1 (S.D. Miss. Mar. 17, 2016). More specifically, "[s]evere itching," even coupled with other symptoms, is "no more than a temporary, *de minimis* injury." *Mitchell v. Horn*, No. A 98-4742, 2005 WL 1060658, at *1 (E.D. Pa. May 5, 2005) (reasoning that "transitory injuries . . . are not what was contemplated" by Section 1997e(e) (quotation omitted)). And "[c]ourts have consistently recognized that constipation, without further complications . . . , is only *de minimis* injury." *Harold*

*v. Tangipahoa Parish Sheriff Off.*, No. 20-2220, 2021 WL 2920513, at *14 (E.D. La. June 18, 2021), *report and recommendation adopted by* 2021 WL 2911926, at *1 (E.D. La. July 12, 2021) (finding that the plaintiff's constipation from holding his bowels for nine days was a *de minimis* injury). Thus, Carrigg cannot recover compensatory damages for his "mental stress and anguish."[5] Compl. [1] at 5.

Even if Carrigg established the requisite physical injury, he has failed to demonstrate Nelson's personal involvement in the alleged constitutional violation. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Carrigg sued Nelson simply "[b]ecause he was over maintenance." Mot. [36-1] at 17. He never spoke directly with Nelson, *id.*, and his maintenance requests reflect that Nelson did not personally respond to any of them, Mot. [36-2] at 1-27. Nor does the record show that Nelson enacted a policy of neglecting dysfunctional restroom amenities at JCADC. Mem. [37] at 6-7. And Carrigg's summary-judgment evidence does not suggest otherwise. His Motion [39] to Amend Jury Demand does little more

---

[5] Nelson does not raise the *de minimis* nature of Carrigg's alleged injuries as a reason for dismissing this case. But Carrigg is proceeding *in forma pauperis*, Order [5], so his claims are also subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Smith v. Anderson*, No. 2:11-cv-00221-KS-MTP, 2013 WL 1182995, at *1 (S.D. Miss. Feb. 13, 2013) (dismissing a case based on a motion for summary judgment and a "*sua sponte* . . . evaluation pursuant to 28 U.S.C. § 1915(e)(2)"), *report and recommendation adopted by* 2013 WL 1182984, at *1 (S.D. Miss. Mar. 21, 2013).

than cite Federal Rule of Civil Procedure 56, Mot. [39] at 3, and affidavits[6] executed by inmates Robert J. Baylis and Travis D. Wade merely confirm that Carrigg's restroom amenities were dysfunctional for many months, Aff. [14] at 2-3—which is a fact that no one disputes.  Thus, Carrigg has not carried his burden as nonmovant of "go[ing] beyond the pleadings and designat[ing] specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Carrigg's claims against Nelson in his individual capacity must be dismissed with prejudice for failure to establish the requisite physical injury and for Nelson's lack of personal involvement.

**B. Official-Capacity Claims**

"A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee." *Hancock v. Payne*, No. 1:03-cv-00671-JMR, 2006 WL 21751, at *4 (S.D. Miss. Jan. 4, 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  Thus, Carrigg's claims against Nelson in his official capacity "are in actuality claims against Jackson County, Mississippi." *See Stahl v. Jackson Cnty., Miss.*, No. 1:15-cv-00189-KS-MTP, 2015 WL 11019137, at *1 (S.D. Miss. Dec. 18, 2015).  The Court analyzes official-capacity claims against individuals using the same test that applies to municipalities

---

[6] The Court has considered all record evidence in drawing its conclusions—though no documentary evidence was attached to Carrigg's purported summary-judgment response.  "[A] *pro se* plaintiff does not have the same training as an attorney, and [deserves] . . . some measure of latitude" in the preparation and presentation of documents.  *See Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002).

under Section 1983. *Hunt v. Allison*, No. 1:09-cv-00131-HSO-JMR, 2010 WL 4340323, at *3 (S.D. Miss. Sept. 2, 2010).

"Municipal liability under [S]ection 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 695 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

As mentioned before, Carrigg has not shown that a policy or custom of Jackson County caused the alleged constitutional violation against him. At no point does Carrigg allege that Jackson County has an official policy or well-settled custom of maintaining dysfunctional restroom amenities at JCADC. His allegations merely represent what he says happened to him under isolated circumstances. Thus, Carrigg's claims against Nelson in his official capacity must also be dismissed with prejudice.

## IV. CONCLUSION

The Court has considered all arguments. Those not addressed would not have changed the outcome. Having thoroughly reviewed and liberally construed Carrigg's

pleadings and testimony, along with the pending Motion [36] for Summary Judgment, the Court finds that this civil action should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Tyrone Nelson's Motion [36] for Summary Judgment is **GRANTED**. This civil action is **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Johnny D. Carrigg's Motion [39] to Amend Jury Demand is **DENIED AS MOOT** as to the request for a jury demand.

**SO ORDERED AND ADJUDGED,** this 10th day of July, 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE